FOURNET, Chief Justice.
The Louisiana Public Service Commission hereinafter referred to as the Commission, appealed suspensively from the judgment of the Nineteenth Judicial District Court reversing its order by a divided vote, denying the application of the Chicago, Rock Island and Pacific Railroad Company, hereinafter referred to as the railroad, for authority to discontinue the operation of its freight agency station at Lillie.
The case was submitted to the trial judge on the record as made up before the Commission and in reversing the order, the court assigned the following reasons:
“The evidence shows that the station operated in 1959 at a net loss of $2,280.53; in 1960, $4,886.25; and for the first five months of 1961, $1,851.-68. * * * These figures were compiled according to recognized and approved accounting practices.
“Lillie is located 8.7 miles north of Bernice and 7 miles south of Junction City. Shippers and receivers of freight can be served at either of those agency stations without any substantial inconvenience or financial loss to them. There is no showing that the continuance of the Agency station at Lillie is required by the public convenience and necessity. That its continuance would impose a financial loss on the Railroad is beyond dispute.”
Counsel for the Commission concedes in brief that the record reflects that the railroad had been losing money at the Lillie Station but contends that the trial judge erred in holding that the public need and necessity for the maintenance of the station did not outweigh the expense of the operation thereof, pointing out that several witnesses appeared and testified that at the time Lillie was developing economically and that the prospect of getting new industries to locate there was favorable and that the closing of the station would be detrimental thereto.
The record is barren of any evidence to support counsel’s contention. Reference to the testimony of the two witnesses^ who were elected officials, will show that at best they were expressing a hope that new industries would establish there. They did not claim that they were representing any *162 particular individual or that they were authorized to speak for any designated industries or business interests which were contemplating locating in the Lillie area. Of pertinence also is the fact that the principal shipper and two receivers who availed themselves of the station agent’s services did not appear in opposition to the closing and were not represented.
For the reasons assigned, the judgment appealed from is affirmed.